UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**DARNEL ANTOINE**,

    Plaintiff,

v.                                                            2:23-cv-887-JLB-NPM

**ESPN ENTERPRISES, INC.**,

    Defendant.

---

**ORDER**

Plaintiff Darnel Antoine initiated this purported class action against defendant ESPN Enterprises, Inc., alleging that ESPN shared the video-viewing history of visitors to its website (www.espn.com), like Antoine, in violation of the Video Privacy Protection Act, 18 U.S.C. § 2710, *et seq*. Under a Disney$^+$ and ESPN$^+$ Subscriber Agreement (dated November 1, 2021), ESPN sought to compel arbitration, arguing that Antoine agreed to arbitrate his claim in a "sign-in" wrap agreement and that his claim fell under the Agreement's mandatory arbitration clause. (Doc. 19). With no opposition from Antoine (Doc. 22), the court compelled arbitration and stayed the case on December 21, 2023. (Doc. 23).

In February of 2024, plaintiff counsel sent a Notice of Dispute to ESPN—as required under the Subscriber Agreement—on behalf of Antoine and 406 other claimants. (Doc. 26-1). In response, ESPN noted that Disney Platform

Distribution, Inc. and BAMTech, LLC[1] adopted an updated Subscriber Agreement on January 25, 2024, and under this updated agreement, Antoine (and the other 406 claimants) must not only meet certain preconditions to the filing of arbitration but must also now proceed with ADR Services, Inc., rather than JAMS. (Doc. 26-2). Undeterred, plaintiff counsel filed 407 demands for arbitration with JAMS under the 2021 Subscriber Agreement. (Doc. 26-3). However, ESPN insisted that JAMS lacked jurisdiction over any dispute under the terms of the more recent 2024 Subscriber Agreement, and, therefore, ESPN would not be participating in arbitration. (Doc. 26-4). On April 2, 2024, Antoine made another arbitration demand under a different arbitration agreement—the June 9, 2020 Disney Terms of Use—which received similar objections from ESPN.[2] (Docs. 26-5; 26-6).

With no resolution in sight, Antoine filed a motion to compel arbitration on April 30, 2024, which sets forth two issues for resolution: (1) whether ESPN/BAMTech, LLC forfeited its right to enforce the arbitration provision in the November 2021 Subscriber Agreement; and (2) whether the arbitration should proceed under a provision contained within the June 2020 Disney Terms of Use,

---

[1] According to ESPN, BAMTech, LLC is the owner and operator of ESPN$^+$. (Doc. 29 at 4 n.1).

[2] In response to Antoine's final arbitration demand, ESPN asserted that it was not a party to either of the Subscriber Agreements or the June 2020 Disney Terms of Use. (Doc. 26-6 at 1-2). However, ESPN states that once in arbitration, it will ask the arbitrator to substitute the signatory, BAMTech, LLC, as the proper respondent. (Doc. 29 at 4 n.1).

which incorporates JAMS arbitration rules. (Doc. 26). ESPN responded by acknowledging that both parties agree that arbitration is required, however, ESPN requests that the court determine whether the 2021 Subscriber Agreement applies.

But in the court's view, that ship has sailed as we issued an order compelling the parties to arbitrate according to the 2021 Subscriber Agreement. (Docs. 19, 19-1, 23). And we did so based on ESPN's declaration that this "Subscriber Agreement contains a clear and conspicuous arbitration agreement that governs this dispute, as well as an agreement to delegate to the arbitrator the exclusive authority to resolve questions about the application, scope, or enforceability of the arbitration agreement." (Doc. 19 at 2). So whatever agreement may have gone into effect after we ordered the parties to arbitrate is of no consequence to the court.

This brings us to our next point. Whether the 2021 Subscriber Agreement's arbitration clause applies would be for the arbitrator to decide, not the court. Indeed, a cursory examination of the 2021 Subscriber Agreement reveals a clear and unmistakable intent for the arbitrator to resolve gateway questions about arbitrability. *See Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1264 (11th Cir. 2017) ("[T]he parties may agree to arbitrate gateway questions of arbitrability including the enforceability, scope, applicability, and interpretation of the arbitration agreement."). To be sure, the Agreement states in section "7. Binding Arbitration and Class Action Waiver":

You and Disney+ and/or ESPN+ agree to arbitrate, as provided below, **all disputes** between you (including any related disputes involving The Walt Disney Company or its affiliates), that are not resolved informally, except disputes relating to the ownership or enforcement of intellectual property rights. "Dispute" includes **any dispute, action, or other controversy**, whether based on **past, present, or future events**, between you and us concerning the Disney+ Service, ESPN+ Service, or this Agreement, **whether in contract, tort, warranty, statute, regulation, or other legal or equitable basis**. You and Disney+ and/or ESPN+ **empower the arbitrator with the exclusive authority to resolve any dispute relating to the interpretation, applicability or enforceability of these terms or the formation of this contract, including the arbitrability of any dispute and any claim that all or any part of this Subscriber Agreement are void or voidable**.

(Doc. 29-4 at 10) (emphasis added).[3]

---

[3] Similarly, section "7. Binding Arbitration and Class Action Waiver" of the January 2024 Subscriber Agreement provides that:

> PLEASE READ THIS PROVISION CAREFULLY—YOU ARE AGREEING TO RESOLVE ALL DISPUTES BETWEEN US THROUGH BINDING INDIVIDUAL ARBITRATION AND INCLUDE A CLASS ACTION WAIVER AND JURY TRIAL WAIVER.
>
> There may be instances in which disputes arise between us. **You, on the one hand, and Disney+ and/or ESPN+, on the other hand, agree to resolve, by binding individual arbitration, all Disputes** (including any related disputes involving The Walt Disney Company or its affiliates) except for: (i) any claim within the jurisdiction of a small claims court consistent with the jurisdictional and dollar limits that may apply, as long as it is an individual dispute and not a class action; and (ii) any dispute relating to the ownership or enforcement of intellectual property rights.
>
> "Dispute" includes **any claim, dispute, action, or other controversy**, whether based on **past, present, or future events**, whether based in **contract, tort, statute, or common law, between you and us** concerning the Services, or this **exclusive authority to resolve any dispute relating to the interpretation, applicability or enforceability of these terms or the formation of this contract, including, without limitation, the arbitrability of any dispute, and any claim that all or any part of this Agreement is void or voidable**.

(Doc. 29-3 at 13-14) (emphasis added).

Here, the arbitration provision broadly delegates to the arbitrators "any claim, dispute, action, or other controversy, whether based on past, present, or future events . . . [or] any dispute relating to the interpretation, applicability or enforceability of these terms or the formation of this contract . . .." And no doubt, "'any' means all." *Don't Look Media LLC v. Fly Victor Ltd.*, 999 F.3d 1284, 1299 (11th Cir. 2021); *see also United States v. Gonzales*, 520 U.S. 1, 5 (1997) ("Read naturally, the word 'any' has an expansive meaning, that is, 'one or some indiscriminately of whatever kind.'"). Thus, the court cannot override the arbitration provision and "possesses no power to decide the arbitrability issue." *Henry Schein, Inc. v. Archer and White Sales, Inc.*, 586 U.S. 63, 68 (2019); *see also Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 72 (2010) (with no challenge specific to the gateway-delegation provision, courts must treat it as valid and enforce it). Accordingly, the parties must proceed to arbitration under the terms of the 2021 Subscriber Agreement, and the arbitrators—not the court—will determine whether ESPN/BAMTech forfeited its right to enforce the 2021 Subscriber Agreement or, even if it did not, whether the 2024 Subscriber Agreement or the arbitration provision found on ESPN's website applies; as well as any other dispute or controversy between the parties arising from the Agreements.

So, Antoine's motion to compel arbitration (Doc. 26) is **DENIED**. The parties are directed to proceed with arbitration as previously ordered by the court (Doc. 23)

under the 2021 Subscriber Agreement (unless and until the arbitration pursuant to that agreement determines otherwise). By **March 28, 2025**, Antoine must comply with all pre-conditions that have not already been satisfied and the parties must commence arbitration. This case will remain **STAYED** until the parties advise the court that (1) arbitration has been completed and (2) the stay should be lifted, or the case should be dismissed. The parties must promptly notify the court of any resolution, even if contingent or unwritten, and they are otherwise directed to file a joint status report **on October 1, 2025**, and **quarterly thereafter** until arbitration concludes.

**ORDERED** on March 7, 2025.

_____
NICHOLAS P. MIZELL
United States Magistrate Judge